UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NADINE ADKINS,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-02150-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

In one of several nearly identical cases filed in this district, Plaintiff Nadine Adkins ("Plaintiff") brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) against several defendants, including Seventh Avenue, Inc. According to the Complaint, federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Seventh Avenue's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 22. Plaintiff opposes the motion.

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for October 13, 2016, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The alleged facts "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Instead, the requisite threshold is reached when the complaint contains sufficient facts to allow the court to

1   draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

2       2.    Although the FCRA generally prohibits "[a] person" from furnishing information
3   "relating to a consumer" to any consumer reporting agency ("CRA") "if the person knows or
4   consciously avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher
5   based simply on the communication of inaccurate information. 15 U.S.C. § 1681s-2(a); see
6   Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a
7   consumer has a private right of action against a furnisher if, after receiving notice that information
8   is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an
9   investigation with respect to the disputed information," "review all relevant information provided
10  by the consumer reporting agency," "report the results of the investigation to the consumer
11  reporting agency," and "if the investigation finds that the information is incomplete or inaccurate,
12  report those results to all other consumer reporting agencies to which the person furnished the
13  information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C.
14  § 1681s-2(b).

15      3.    Consequently, "[t]o state a claim under the FCRA, a plaintiff must show that: (1)
16  he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit
17  reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher
18  failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15
19  U.S.C. § 1681s-2(b)(1)(A)-(E)." Corns v. Residential Credit Solutions, Inc., No.: 2:15-cv-1233-
20  GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016).

21      4.    For the first element, a complaint's allegations must dispute facts underlying a
22  purported inaccuracy; the presentation of legal defenses to payment will not suffice. See Chiang
23  v. Verizon New Eng. Inc., 595 F.3d 26, 38 (1st Cir. 2010) ("[J]ust as in suits against CRAs [under
24  § 1681i], a plaintiff's required showing [under §1681s-2(b)] is factual inaccuracy, rather than the
25  existence of disputed legal questions" because "[l]ike CRAs, furnishers are 'neither qualified nor
26  obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of
27  law.'"); see also Carvalho v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1230 (9th Cir. 2010)

("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). "The inaccuracy requirement comports with the purpose of the FCRA, which is 'to protect consumers from the transmission of inaccurate information about them.'" Carvalho, 615 F.3d at 1230 (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009)). Notably, however, "a credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" Gorman, 584 F.3d at 1163 (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)).

5. Here, Plaintiff alleges she filed for Chapter 13 bankruptcy protection on June 28, 2013, and that a plan was confirmed on October 8, 2013. Compl., Dkt. No. 1, at ¶ 5. Plaintiff then ordered a "three bureau" credit report on October 2, 2015, and "noticed several tradelines all reporting misleading and inaccurate account information," which she disputed with each of the CRAs. Id. at ¶¶ 7, 13. She believes the CRAs communicated her dispute to the furnishers of the purportedly inaccurate information. Id. at ¶ 14. As to Seventh Avenue, Plaintiff alleges it was reporting her account as "owing a balance of $308.00 and a past due balance of $194.00 and monthly payments listed in the amount of $25.00, despite a Bankruptcy Court Order stating that $0.00 is owed." Id. at ¶ 10.

6. Seventh Avenue argues that Plaintiff's FCRA claim is deficient because it is not inaccurate for furnishers of credit information to report an owning balance or delinquencies during the pendency of a bankruptcy. As applied to the facts alleged by Plaintiff, the court finds that Seventh Avenue is correct. Courts in this district, including most recently the undersigned, have held that the FCRA does not prohibit the accurate reporting of debts that were delinquent during the pendency of a bankruptcy action, even after those debts have been discharged, so long as the bankruptcy discharge is also reported if and when it occurs. See Biggs v. Experian Info. Solutions, Inc., No. 5:16-cv-01507-EJD, 2016 U.S. Dist. LEXIS 130742, at *5-9, 2016 WL

5235043 (N.D. Cal. Sept. 22, 2016); see also Mortimer v. Bank of America, N.A., No. C-12-01959 JCS, 2013 U.S. Dist. LEXIS 2993, at *16-18, 2013 WL 1501452 (N.D. Cal. Jan. 3, 2013); see also Mortimer v. JP Morgan Chase Bank, N.A., No. C 12-1936 CW, 2012 U.S. Dist. LEXIS 108576, at *9, 2012 WL 3155563 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); see also Giovanni v. Bank of America, N.A., No. C 12-02530 LB, 2012 U.S. Dist. LEXIS 178914, at *14-16, 2012 WL 6599681 (N.D. Cal. Dec. 18, 2012). As this court previously explained in reference to prior district court decisions on this topic:

> [T]he import of these decisions is recognition that the mere filing of a voluntary bankruptcy petition does not erase or invalidate debts, nor does that act excuse the debtor from making timely payments on his or her outstanding accounts. If anything, the filing of a bankruptcy petition only imposes a limit on a creditor's ability to collect on a debt. But the debt and its delinquent status still exist, and it is not inaccurate or misleading to report that information to a CRA.

Biggs, 2016 U.S. Dist. LEXIS 130742, at *6 (internal citations omitted).

7.    This remains true even after a reorganization plan is confirmed under 11 U.S.C. § 1327. While the court acknowledges that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan" (11 U.S.C. § 1327(a)), and preclude "a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan" (In re Pardee, 218 B.R. 916, 925 n.9 (9th Cir. B.A.P. 1998)), confirmation of a reorganization plan cannot be equated with a bankruptcy discharge, mainly because not every confirmation ultimately results in a discharge. The bankruptcy court may discharge the trustee only after the debtor "complies with his obligations under the confirmed plan and makes all of the required payments;" if that occurs, the debtor obtains an injunction against creditors' ability to proceed against him or her personally. In re Blendheim, 803 F.3d 477, 487, 493 (9th Cir. 2015) (citing 11 U.S.C. § 350(a)). "Many debtors, however, fail to complete a

1  Chapter 13 plan successfully, often because they cannot make payments on time." Id.
2  "Recognizing this, the Bankruptcy Code permits debtors who fail to complete their plans to
3  convert their Chapter 13 case to a case under a different chapter, or dismiss their case entirely . . . .
4  But importantly, upon dismissal or conversion of a case, a debtor loses any benefits promised in
5  exchange for the successful completion of the plan," such as a discharge injunction. Id.

6      8.    In sum, Plaintiff has not convincingly shown that the mere approval of a
7  reorganization plan by the bankruptcy court has the legal consequence of erasing any pre-petition
8  debts, such that it is either "patently incorrect" or misleading for furnishers to report those debts as
9  having a balance owed, past due or otherwise, during the pendency of the bankruptcy. See
10 Gorman, 584 F.3d at 1163.  This is so because Plaintiff did not allege that the bankruptcy court
11 has granted her a discharge, and the success of her reorganization plan is still uncertain.
12 Consequently, this court finds that Seventh Avenue cannot be held liable under § 1681s-2(b) based
13 solely on what is contained in the Complaint.  Specifically, the first element of a FCRA claim is
14 unsatisfied because Plaintiff has not plausibly alleged that Seventh Avenue furnished an inaccurate
15 or misleading account balance, or that the balance-owed or past-due designation is inaccurate or
16 misleading because it somehow fails to account for her confirmed reorganization plan.

17     9.    Plaintiff's arguments in opposition - which were raised nearly verbatim in another
18 case involving Plaintiff's counsel - have been rejected as unpersuasive. Biggs, 2016 U.S. Dist.
19 LEXIS 130742, at *9-11.  First, Plaintiff argues without citation to authority that approval of a
20 reorganization plan in bankruptcy "absolv[es] Plaintiff from any legal requirement to pay on the
21 debts separate from the treatment under the terms of the chapter 13 plan."  Though this statement
22 may be in reference to the binding provision of §1327(a), speaking in terms of absolution is an
23 unfitting accentuation of the statute's effect.  Again, while §1327(a) imparts a restraint on
24 creditors' ability to collect outside of the plan's terms, it does not "absolve" or erase either the
25 debt or the fact that payments are owing or past due.  The debt may still live on in its pre-
26 bankruptcy status if the debtor fails to perform under the plan and causes the bankruptcy to be
27 dismissed.

28

10.     Second, Plaintiff compares her allegations to other cases involving a furnisher's failure to report certain information as disputed, such as Wang v. Asset Acceptance LLC, No. C 09-04797 SI, 2010 U.S. Dist. LEXIS 91946, 2010 WL 2985503 (N.D. Cal. July 27, 2010), a furnisher's failure to report a debt as discharged, such as Venugopal v. Digital Federal Credit Union, No. 5:12-CV-06067 EJD, 2013 U.S. Dist. LEXIS 43829, 2013 WL 1283436 (N.D. Cal. Mar. 27, 2013), and a furnisher's reporting of inconsistent information some of which is negative to the debtor, such as Grantham v. Bank of America, N.A., No. CV12-1960 MEJ, 2012 U.S. Dist. LEXIS 167439, 2012 WL 5904729 (N.D. Cal. Nov. 26, 2012).  These cases are inapposite because Plaintiff does not allege that Seventh Avenue failed to report the debt as disputed or discharged in a manner similar to Wang and Venugopal, and does not identify inconsistent account information as was done in Grantham.  Consequently, these cases do not assist Plaintiff here.

11.     Third, Plaintiff suggests that neglecting to furnish the payment terms of a confirmed plan may lead a reviewer of Plaintiff's credit report to conclude "that separate collection activity can occur" and that Plaintiff still owes $308.00 to Seventh Avenue and is behind in payments in the amount of $195.00.  But if such conclusions are drawn, they would not be inaccurate.  Unless Plaintiff complies with the terms of her reorganization plan, separate collection efforts may in fact occur and Plaintiff's account with Seventh Avenue remains outstanding.

12.     Also, and in any event, it is worth noting that Plaintiff did not allege facts sufficient to support her theory that Seventh Avenue reported misleading or inaccurate information to the CRAs.  Although Plaintiff contends that her plan contains a term "indicating that 0.00% of her general unsecured debt was to be paid," the court is unable to locate such an explicit term in her plan documents.[1]  And the nuanced clarification that the trustee supervising Plaintiff's bankruptcy

---

[1] Seventh Avenue's request for judicial notice (Dkt. No. 23) is GRANTED.  Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

estate has "disbursed $0.00" does not necessarily mean that none of Plaintiff's unsecured debt will be paid or that the bankruptcy court has ordered that nothing be paid.  Addressing similar allegations, another member of this court found the plaintiff's FCRA claim implausibly pled in Abbot v. Experian Information Solutions, Inc., No. 15-CV-05541-LHK, 2016 U.S. Dist. LEXIS 47397, at *13-14, 2016 WL 1365950 (N.D. Cal. Apr. 6, 2016).  The Abbot court's reasoning is equally applicable here.

Based on the foregoing, Seventh Avenue's Motion to Dismiss (Dkt. No. 22) is GRANTED.  The FCRA claim is DISMISSED WITH LEAVE TO AMEND.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding that courts should generally permit leave to amend unless "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

With the dismissal of the only federal claim asserted in the Complaint, the court declines to exercise supplemental jurisdiction over Plaintiff's related state law claim.  It will be dismissed without prejudice at this time for lack of jurisdiction.  See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

Any amended complaint must be filed on or before **October 25, 2016**.  Plaintiff is advised that, although leave to amend has been permitted, she may not add new claims or new parties to this action without first obtaining the defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

The motion to appear by telephone (Dkt. No. 68) is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated:  October 7, 2016

_____
EDWARD J. DAVILA
United States District Judge