Scott J. Sagaria (SBN 217981)
Elliot W. Gale (SBN 263326)
Joe Angelo (SBN 268542)
SAGARIA LAW, P.C.
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
Telephone:  (408) 279-2288
Facsimile:  (408) 297-2299

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

NADINE ADKINS,

        Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC., et. al.,

        Defendants.

Case No.: 5:16-cv-02150-EJD

**JOINT CASE MANAGEMENT STATEMENT**

**Date:**      **December 1, 2016**
**Time:**      **10:00 a.m.**
**Ctrm.:**     **4, 5th Floor**

      The parties hereby jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014, Civil Local Rule 16-9 and the Clerk's Notice Setting Case Management Conference entered on October 5, 2016.

**1.      FACTS.**

      **a)     Plaintiff**:

      Plaintiff alleges that Defendants violated the FCRA and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code section 1785.1 *et seq*. ("CCRAA") by "reporting

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

misleading and inaccurate account information" as well as failing "to conduct a reasonable investigation."

According to the Complaint, on June 28, 2013, Plaintiff filed for Chapter 13 Bankruptcy and subsequently received confirmation of her chapter 13 plan of financial reorganization.

On October 2, 2015 Plaintiff obtained a copy of her credit report and noticed several tradelines all reporting misleading and inaccurate balance and past due balance information. Plaintiff then disputed the "inaccurate tradelines" with Equifax, Experian, and Trans Union and believes that Equifax, Experian, and Trans Union subsequently sent notification to each of the Defendants that Plaintiff was disputing the accuracy of what they were reporting.

**b)      Equifax, Inc.:**

Equifax, Inc. has been dismissed.

**c)      Experian Information Solutions, Inc.:**

Experian is a consumer credit reporting agency as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").  Experian denies Plaintiff's claims and denies that it violated the FCRA.  At all relevant times, Experian maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff, complied with the requirements of the FCRA with respect to Plaintiff, and conducted reinvestigation(s) of Plaintiff's dispute(s) in compliance with the FCRA.  Experian denies that it caused any damage to Plaintiff.

**d)      Lincoln Finance Company:**

Lincoln Finance Company has been dismissed.

**e)      Seventh Avenue, Inc.:**

On June 8, 2016, Defendant Seventh Avenue, Inc. ("Seventh Avenue") filed a Motion to Dismiss Plaintiff's Complaint.  On October 7, 2016, the Court granted Seventh Avenue's Motion to Dismiss and gave Plaintiff leave to amend.  On October 25, 2016, Plaintiff filed the First Amended Complaint.  The parties have agreed that Seventh Avenue's response to the First Amended Complaint is due on or before December 5, 2016.

- 2 –

Seventh Avenue denies that it furnished inaccurate information to credit reporting agencies and further denies that Plaintiff suffered any damages based on the allegations set forth in the First Amended Complaint.

      **f)**    **Systems & Services Technologies, Inc.:**

Systems & Services Technologies, Inc. has been dismissed.

      **g)**    **TD Bank USA, N.A.:**

TD Bank USA, N.A. has been dismissed.

      **h)**    **Pacific Monarch Resorts, Inc.:**

Pacific Monarch Resorts, Inc. has been dismissed.

**2.**    **LEGAL ISSUES.**

Plaintiff's Complaint alleges violations of the FCRA and the CCRAA.  The key legal issues at this time are listed below.

    **i.**    Whether any of Defendants' alleged actions violate the FCRA or the CCRAA;

    **ii.**    Whether Defendants conducted a reasonable investigation in response to a dispute from Plaintiff to the credit reporting agencies in compliance with the FCRA;

    **iii.**    Whether Defendants failed to modify, delete, or block credit reporting information that was allegedly inaccurate;

    **iv.**    Whether, for purposes of the FCRA and the CCRAA, Plaintiff's account is accurately reporting;

    **v.**    Whether Defendants furnished crediting reporting information about Plaintiff to the credit reporting agencies that they knew or should have known was incomplete or inaccurate in violation of the CCRAA;

    **vi.**    Whether Plaintiff incurred any injury as a result of the alleged violations by Defendants; and

    **vii.**    Whether Plaintiff is entitled to any damages.

**3.**    **MOTIONS.**

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

On November 14, 2016 Experian filed a motion to dismiss Plaintiff's Amended Complaint.  The matter is set to be heard on May 11, 2017 at 9:00am.

**4.   AMENDMENT OF PLEADINGS.**

Plaintiff filed an amended complaint on October 25, 2016.

**5.   SETTLEMENT AND ADR.**

Plaintiff is discussing settlement with all remaining defendants.   One November 10, 2016, the parties participated in a conference call with Howard Herman of the Court's ADR Program Legal Staff to discuss mediation.  The parties agreed, and Mr. Herman concurred, that mediation would not assist in resolving this case at this time because of legal issues pending in the Ninth Circuit and in this District, including, but not limited to, the pending motion to dismiss filed by Experian.  The parties anticipate filing a Stipulation and [Proposed] Order with the Court requesting that they be excused from participating in ADR until further notice of the Court

**6.   SCHEDULING.**

The Court has set the following schedule [Dkt. 46]:

- **Expert Designations**:  All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before**February  3, 2017**.  Any contradictory or rebuttal information shall be disclosed on or before**February 17, 2017**.

- **Discovery Cutoff**:  Fact discovery shall be completed by all Parties on or before **March 13, 2017** and expert discovery shall be completed by **March 3, 2017**.

- **Dispositive Motions**:  All dispositive motions shall be filed on or before **February 24, 2017** and heard on **April 6, 2017**.

- Trial Setting Conference **February 9, 2017.**

- **Joint Trial Setting Conference Statement:**  January 30, 2017

**7.   TRIAL.**

Plaintiff has requested a jury trial.  Plaintiff estimates that the matter will take one full court day to try, inclusive of jury selection and closing argument.

- 4 –

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**8.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

    **a)    Plaintiff:** None.

    **b)    Experian:**

Experian filed its Certification of Interested Parties or Entities with the Court, as required by Civil Local Rule 3-15.  Experian restates the contents of its certification as follows:

Pursuant to Civil Local Rule 3-15, Experian certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    1.    Parent Companies:  The ultimate parent company of Experian is Experian plc.

    2.    Subsidiaries Not Wholly Owned:  The following companies are the US-based subsidiaries of Experian plc that are not wholly owned:

    (a)    Central Source LLC

    (b)    Online Data Exchange LLC

    (c)    New Management Services LLC

    (d)    VantageScore Solutions LLC

    (e)    Opt-Out Services LLC

    3.    Publicly Held Companies:  Experian plc owns 100 percent of Experian.  Experian plc is a Jersey registered company which is publicly traded on the London Stock Exchange.

    **c)    Seventh Avenue, Inc.:**

Seventh Avenue, Inc.'s parent company is Colony Brands, Inc., a privately held Wisconsin company.  There is no public corporation that owns 10% or more of Colony Brands, Inc.'s stock.

**9.    OTHER.**

None at this time.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1

DATED: November 23, 2016          **Jones Day**

2

By: */s/ Celia M. Jackson*
            Celia M. Jackson

3

Attorney for Defendant
Experian Information Solutions, Inc.

4

5

DATED: November 23, 2016          **Reed Smith**

6

By: */s/ Le T. Duong*
            Le T. Duong

7

Attorney for Defendant

8

Seventh Avenue, Inc.

9

10

DATED: November 23, 2016          **Sagaria Law, P.C.**

11

By: */s/ Elliot Gale*
            Elliot Gale

12

Attorney for Plaintiff Nadine Adkins

13

14

<u>CASE MANAGEMENT ORDER</u>

15

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

16

approved as the Case Management Order for this case and all parties shall comply with its

17

provisions. [In addition, the Court makes the further orders stated below:]

18

IT IS SO ORDERED.

19

20

Dated: _____, 2016          _____

21

United States District Judge Edward J. Davila

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT